UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM TUNSTALL, JR, <br><br>Plaintiff, <br><br>v. <br><br>M. ALEXANDER, et al., <br><br>Defendants. | No.  2:21-cv-1701 TLN AC P <br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a response to the order denying his application to proceed in forma pauperis in which he states that because his application has been denied, "[t]he court can provide Plaintiff with a[n] Attorney."  ECF No. 11.  The response will be construed as a motion to appoint counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

pro se in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

As an initial matter, plaintiff has been ordered to pay the filing fee and this case will not proceed unless and until the filing fee has been paid.  Furthermore, the denial of in forma pauperis status[1] does not establish the necessary exceptional circumstances to warrant the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel, ECF No. 11, is denied.

DATED: November 19, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff appears to believe that the court denied his application based on a misconception that he has sufficient funds. ECF No. 11. However, plaintiff is precluded from proceeding in forma pauperis, regardless of his ability to pay, due to accruing at least three strikes under 28 U.S.C. § 1915(g).  See ECF Nos. 5, 9.